UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ILY J. MCGEE, JR.,

                Plaintiff,

   v.                                         **DECISION AND ORDER**
                                                              13-CV-851S

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

     1.     In this action, Plaintiff Ily McGee challenges an Administrative Law Judge's ("ALJ") determination that he was not disabled within the meaning of the Social Security Act ("the Act").

     2.     On June 28, 2010, McGee filed an application for Supplemental Security Income ("SSI") under Title XVI of the Act, claiming an inability to work due to disability beginning July 15, 2009. (R. 77, 146-48.)[1] His application was denied on August 25, 2010. (R. 65-68.) McGee then requested a hearing, which was held before ALJ Timothy Trost on December 1, 2011. (R. 40-61.) McGee was represented by counsel at the hearing, at which he appeared in person and testified. (Id.)

     3.     The ALJ considered his Title XVI application *de novo* and, on December 21, 2011, issued a written decision finding that McGee was not disabled. (R. 25-35.) McGee requested review by the Appeals Council, which denied the request on June 25, 2013. (R. 1-

---

[1] Citations to the administrative record are designated as "R."

1

7.) He commenced this civil action on August 22, 2013, challenging the Commissioner's final decision.[2]

4.      On February 10, 2014, the Commissioner and McGee each filed a motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. (Docket Nos. 8 and 9.) The motions were fully briefed on March 28, 2014, at which time this Court took the matter under advisement.  For the reasons set forth below, the Commissioner's motion is granted and McGee's motion is denied.

5.      A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been a legal error. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979). Substantial evidence is that which amounts to "more than a mere scintilla"; it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." McGee v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.  See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

6.      "To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which

---

[2] The ALJ's December 21, 2011 decision became the Commissioner's final decision in this case when the Appeals Council denied Plaintiff's request for review.

detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

7.   The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled as defined under the Act. See 20 C.F.R. §§ 404.1520, 416.920. The United States Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987), and it remains the proper approach for analyzing whether a claimant is disabled.

8.   The five-step process is detailed below:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity.  If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities.  If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity.  Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work.  Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam); see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999); 20 C.F.R. § 404.1520.

9. Although the claimant has the burden of proof as to the first four steps, the Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S. at 146 n. 5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The final step of this inquiry is, in turn, divided into two parts.  First, the Commissioner must assess the claimant's job qualifications by considering his or her physical ability, age, education, and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

10. In this case, the ALJ made the following findings with regard to the five-step process: (1) McGee had not engaged in substantial gainful activity since June 28, 2010 (R. 27); (2) his knee impairment was a severe impairment within the meaning of the Act (id.); (3) this impairment did not meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (R. 29); (4) McGee had the residual functional capacity ("RFC") to perform the full range of sedentary work (R. 30); (5) he  was unable to perform any past relevant work (R. 33); and (6) jobs existed in significant number in the national economy that an individual of his age, education, past relevant experience, and RFC could perform (R. 34).

11. McGee contends remand is necessary because: (a) the ALJ elevated his own medical judgment over that of Dr. Gael; (b) the RFC is based solely on the ALJ's medical judgment; and (c) the ALJ did not consider all relevant factors in concluding that McGee's

anxiety is not a severe impairment. The arguments will be addressed in their order in the sequential process.

12.     At step two, the ALJ considered all of McGee's complaints and found he had a knee impairment that caused more than minimal functional limitations and interfered with his ability to perform some basic work-related activities. (R. 27.) But his other alleged impairments were found to be unsupported by medical evidence and/or non-severe, including: pain in his chest, neck, back, ribs, knees and arm, carpal tunnel syndrome, and anxiety. (R. 27-28.) McGee challenges the determination only with regard to his anxiety. He argues that remand is required because the ALJ based his finding solely on McGee's failure to pursue recommended treatment without considering what reasons he may have had for not seeking treatment.

13.     The Court finds that, contrary to McGee's characterization, the ALJ's determination is not based solely on McGee's failure to pursue treatment. The ALJ discussed three instances where McGee complained of anxiety. On April 5, 2011, he was seen at Cleve-Hill Family Health Center for complaints of back pain and anxiety. McGee was prescribed anxiety medication, and referred to counseling. (R. 28, citing R. 393-94.) On June 28, 2011, McGee went to a hospital emergency room with arm pain and anxiety. He believed he might be having a heart attack. The ALJ noted that, on examination, McGee was cooperative, with appropriate mood and affect, and normal judgment. When told that his test results were normal, he was reassured and eager to leave. (R. 28, citing R. 253-254.) On July 12, 2011, McGee was seen by a second physician at Cleve-Hill, who continued him on the same anxiety medication/dosage he had been prescribed in April. (R. 28, citing R. 390.) In finding anxiety was a non-severe impairment, the ALJ expressly noted McGee had not been diagnosed, examined, or treated by a mental health source, the examination findings that did exist relative

to his mental status were unremarkable (R. 253-54, see also, R. 276, 310, 315, 389-90, 393-94), and he did not pursue counseling, as had been recommended.

McGee, citing Shaw v. Chater, 221 F.3d 126 (2d Cir. 2000), maintains the ALJ was required to consider what explanation he might have had for not seeking treatment. The circumstances here are readily distinguished. In Shaw, the Commissioner found the plaintiff not disabled even though the record contained "compelling evidence" of a disorder that met the criteria for a listed physical impairment. Id. at 132. On appeal, the district court discounted the treating physician's medical findings of disability on the ground that a three-year gap in treatment made his observations too remote in time to be dispositive. Id. at 133. In reversing the judgment, the Second Circuit found the lapse in time did not negate the compelling evidence of a total disability where the plaintiff had been treated over many years, and had discontinued treatment only when it was clear his condition would not improve and he could no longer afford medical care. Id. The Circuit Court observed that "[i]t would fly in the face of the plain purposes of the [Act] to deny claimant benefits because he is too poor to obtain additional treatment that had proved unhelpful." Id.

Here, there is little or no objective evidence of the existence of a mental impairment. And McGee did not offer any explanation, to his treating sources or the ALJ, for his failure to pursue recommended treatment. The ALJ nevertheless went on to consider the four functional areas set out in the disability regulations for evaluating mental disorders—activities of daily living; social functioning; concentration, persistence and pace; and episodes of decompensation—found, for each area, that the limitations supported by the record as a whole were either "none" or "mild," and concluded anxiety was a non-severe impairment. Having

reviewed the ALJ's reasoning and the record, this Court is unable to identify any error at step two that would require remand.

14. McGee's remaining challenges relate to step four, where he urges the ALJ improperly elevated his own medical opinion over that of a treating source, Dr. Goel, who had examined McGee at Cleve-Hill on April 5 and June 7, 2011. (R. 392, 394.)

The Social Security Act recognizes a "treating physician" rule, entitling deference to the opinions of treating sources, including but not limited to medical doctors and psychologists. 20 C.F.R. § 404.1502. The regulations state that a treating source's opinion regarding the nature and severity of an impairment will be given "controlling weight" if the opinion is well supported by medically acceptable evidence and is not inconsistent with the other substantial evidence in the case record. Green-Younger v. Barnhart, 335 F.3d 99, 106 (2d Cir. 2003) (citing 20 C.F.R. § 404.1527(d)(2)[3]).

When an ALJ refuses to assign a treating physician's opinion controlling weight, he must consider a number of factors including: (i) the frequency of the examination and the length, nature and extent of the treatment relationship; (ii) the evidence in support of the treating physician's opinion; (iii) the consistency of the opinion with the record as a whole; (iv) whether the opinion is from a specialist; and (v) other factors brought to the Social Security Administration's attention that tend to support or contradict the opinion. See 20 C.F.R. § 404.1527(d)(2). "Failure to provide 'good reasons' for not crediting the opinion of a claimant's treating physician is a ground for remand," Snell v. Apfel, 177 F.3d 128, 133 (2d Cir. 1999) (citation omitted), and an ALJ may not substitute his own judgment for competent medical

---

[3] Effective March 26, 2012, the Commissioner amended §§ 404.1527 and 416.927. 77 FR 10651, 10656. This opinion refers to regulations in effect when the ALJ adjudicated this claim.

opinion, McBrayer v. Sec. Health and Human Svcs., 712 F.2d 795, 799 (2d Cir. 1983). However, the ALJ need not adopt a statement by a medical source that a claimant is "disabled" or "unable to work" as the responsibility to make that determination is reserved for the Commissioner. 20 C.F.R. § 404.1527(e)(1).

 15. On June 14, 2011, Dr. Goel completed an employability assessment in which he identified bilateral knee pain as McGee's only medical condition. (R. 244.) He did not provide an onset date or an expected duration for this condition, and gave McGee a prognosis of "fair" with physical therapy. Dr. Goel went on to note a number of functional limitations related to McGee's knee pain, including moderately limited in walking and sitting, and very limited in standing, lifting, carrying, pushing, pulling, bending, and stair or other climbing. When asked to state limitations on work activities, however, Dr. Goel listed only "lifting heavy objects." (R. 245.)

 The ALJ's determination that McGee can perform the full range of sedentary work is consistent with the lifting limitation Dr. Goel imposed with regard to work activities.

> Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. § 404.1567(a). The ALJ also considered Dr. Goel's assessment of functional limitations and his opinion that McGee was not employable, but found they were not supported by Goel's own treatment notes or the record as a whole, including McGee's statements.

 Specifically, the ALJ noted that all objective medical tests were normal, examination findings were unremarkable, McGee's condition had improved with physical therapy, he was followed by a primary care provider and prescribed pain medication, and several of his

8

statements regarding his pain level and functional limitations were contradicted by the record. (R. 31-33, citing R. 392, 394, 412-23; see R. 203, 393.) For example, McGee stated he last worked on September 8, 2008, and that "I quit [because] my former boss was doing fraud." (R. 31, citing R. 150.) At the hearing he stated he had not engaged in his most recent work, cutting hair, in a long time. As the ALJ noted, however, McGee reported to a medical provider in August 2011 that he had numbness in his left wrist from cutting hair. (R. 32, citing R. 465.) McGee also told medical providers that he was employed and needed an excuse note (R. 254-55), and had a job cutting hair (R. 393). This latter notation appears in Dr. Goel's April 5, 2011 treatment notes, and the others appear in records from June and August 2011, not long after Dr. Goel assessed McGee as not employable.

In sum, the ALJ gave ample reason for rejecting Dr. Goel's opinion as to McGee's functional limitations and employability, and those reasons are supported by substantial evidence.

16. This Court further finds that the ALJ did not take on an improper medical role in evaluating Dr. Goel's opinion. First, the ALJ did incorporate the sole work-related limitation Dr. Goel identified into the RFC. Even were that not the case, our decisions recognize that "where the medical evidence shows relatively little physical impairment, an ALJ permissibly can render a common sense judgment about functional capacity even without a physician's assessment." Walker v. Astrue, No. 08-CV-0828, 2010 U.S. Dist. LEXIS 64322, 2010 WL 2629832, at *7 (W.D.N.Y. June 11, 2010) (citation and internal quotation marks omitted). Where, as here, a claimant of questionable credibility has no long-standing treatment relationship, normal test results, and largely normal examination findings, a common sense judgment about functional capacity is permissible. See Kruppenbacher v. Astrue, No. 04 Civ. 4150, 2010 U.S. Dist.

LEXIS 141350, 2010 WL 5779484, at *43 (S.D.N.Y. Apr. 16, 2010) ("To require an ALJ to give credence to a treating physician's opinion when it is contradicted by various statements and actions of the plaintiff, and when the opinion is based primarily on the statements of a plaintiff with questionable credibility, would stretch the treating physician rule too far.") On this record, the Court is unable to identify any error that would require remand.

\* \* \* \* \* \* \*

IT HEREBY IS ORDERED, that Defendant's Motion for Judgment on the Pleadings (Docket No. 8) is GRANTED;

FURTHER, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 9) is DENIED;

FURTHER, that the Clerk of the Court shall close this case.

SO ORDERED.

Dated:   August 11, 2014
       Buffalo, New York

                                        /s/William M. Skretny
                                          WILLIAM M. SKRETNY
                                                Chief Judge
                                       United States District Court